**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Jerome T. Casserly,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 15-cv-11438** |
| **v.** | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **American Security Insurance Company,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION & ORDER

The Court denies Plaintiff's motion to enforce settlement [36]. Intervenor Gregg Rzepczynski & Associates' motion for attorney fees [50] is denied as moot. Citizens Bank's motion for leave to file cross-claim [57] is granted. A status hearing is set for May 3, 2017 at 9:30 a.m. to set a trial date and resolve any pending issues.

## STATEMENT

This is a breach of contract case related to a fire at plaintiff Jerome T. Casserly's home. He claims that defendant American Security Insurance Company breached its obligations under his homeowner's insurance policy ("the Policy") by failing to respond to two claims he made for property damage. Recently, however, Plaintiff insists that the parties have agreed on all material terms of a settlement; an agreement he seeks to enforce through the present motion.

The difficulty, though, is that the disagreement is hardly immaterial: it centers on whether Defendant should make checks payable to Plaintiff only *or* to Plaintiff and a third party — Citizens Bank (Plaintiff's former mortgagee and current intervenor in this case). According to Citizens Bank, it has an interest in the insurance proceeds because it was a payee under the

Policy at the time of the fire, whereas Plaintiff claims that the bank lost any interest it had by releasing its mortgage in 2015. On this score, Citizens Bank is correct.

## **LEGAL STANDARD**

State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements. *Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 448 (7th Cir. 2004). Under Illinois law, which the parties agree governs in this instance, the existence of a valid and enforceable contract is a question of law when the basic facts are not in dispute. *Echo, Inc. v. Whitson Co.*, 121 F.3d 1099, 1102 (7th Cir. 1997). A settlement agreement is accordingly enforceable if there was a meeting of the minds or mutual assent to all material terms. *Abbott Labs. v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999).

## **ANALYSIS**

The material term in dispute in this instance is who gets paid. The relevant Policy language provides as follows:

> Loss Payment. We will adjust all losses with you. Payment for loss will be made within 60 days after we reach agreement with you, entry of a final court judgment, or the filing of an approved award with us. Loss will be made payable to you and mortgagee as their interest appear.

(Policy [Dkt. # 36, Ex. A] at 9.) It is undisputed that Citizens Bank was a payee under the Policy at the time of the fire. The only issue is whether Citizens' subsequent release of the mortgage also extinguished its interest in any current payments under the Policy.

In Plaintiff's view, the Policy's plain language and well-settled principles of Illinois law dictate that Citizens Bank has no interest whatsoever: the Policy itself states that loss will be made payable to Plaintiff and the mortgagee (which Citizens no longer is), and Illinois courts have been clear that a creditor without an insurable interest in a property (i.e., a mortgage) is not

entitled to payments under a property insurance policy. (*See* Pl.'s Mot. [Dkt. # 36] at 4) (citing *Ins. Co. of North Am. v. Citizens Ins. Co. of N.J.* 425 F.3d 1180, 1182 (7th Cir. 1970) (holding that "upon satisfaction and release of the note and mortgage, the mortgagee's rights in the [insurance policy] terminate.").

As Citizens Bank explains, however, although it may have released the mortgage in 2015, the debt Plaintiff owes on the note still remains (upwards of $200,000).[1] Moreover, the relevant timeframe for determining whether a mortgagee has a perfected interest in an insurance policy is at the time of loss, not payment. *See Murphy v. State Farm Fire & Cas. Co.*, 978 N.E.2d 649, 653 (Ill. App. Ct. 2012). This result is further supported by the Policy language itself; particularly, the phrase "as interests may appear" — a standard term of art in homeowners' insurance policies "mean[ing] that the insurer undertakes to pay the mortgagee to the extent of its lien or charge on the premises *as it exists on the date of loss*." 12 LEE R. RUSS IN CONSULTATION WITH THOMAS F. SEGALLA, COUCH ON INSURANCE § 178:58 (3d ed. 2011) (emphasis added); *see also Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 773 (7th Cir. 2013) (describing *Couch* as a leading treatise on insurance). Taken together, these principles suggest that Citizens Bank indeed has an interest the Policy proceeds and therefore in the settlement, and Plaintiff's motion to enforce is accordingly denied.

---

[1] As noted above, the Seventh Circuit has held that under Illinois law, a mortgagee who releases the mortgage *and* satisfies the note does not have any interest in the property insurance proceeds. *Ins. Co. of North Am.,* 425 F.3d at 1182. Yet only one of those — the release of the mortgage — has happened in this case, which is a plausible basis for distinguishing *Insurance Co. of North America*. Moreover, Illinois courts have explained that the rationale behind the "release and satisfaction" rule is to prevent mortgagees from a double recovery, which is not the case here. *Great-W. Life Assur. Co. v. Gen. Accident Fire & Life Assur. Corp.*, 452 N.E.2d 550, 554 (Ill. App. Ct. 1983). Nonetheless, the general rule in Illinois is that a mortgagee has right to insurance proceeds *only* to the extent that it holds an insurable interest in the *property;* namely, a mortgage lien. *Id.* The Court need not resolve this tension, however, because it finds that the relevant time for determining an insurable interest is at the time of loss, not the time of payment (discussed more fully herein).

For similar reasons, the Court also grants Citizens' motion to file a cross-claim for Plaintiff's remaining indebtedness on the note. Rule 24 provides two possible paths for intervention: intervention of right and permissive intervention, either of which may be pursued by a timely motion. Fed. R. Civ. P. 24. A party has a right to intervene when (1) it has an interest to the property or transaction that is the subject of the action, and (2) disposing of the action would otherwise impair or impede the movant's ability to protect its interest. Fed. R. Civ. P. 24 (a)(2). Similarly, a party may seek permissive intervention where (1) it has a claim or defense that shares a common question of law or fact with the main action, (2) intervention will not unduly delay or prejudice the adjudication of the original parties' rights, and (3) the Court has independent jurisdiction over the claims. Fed. R. Civ. P. 24(b). Citizens wins on either front: it has a clear interest in the underlying note, which Plaintiff indisputably has not paid; deciding this case without Citizens' presence would surely impair its ability to collect what it is owed; the law and the facts pertaining to Citizens' cross-claim are virtually identical to the main action (a breach of contract claim); the parties are diverse, with the claimed damages exceeding $75,000; and, lastly, as Citizens explains, no discovery would be necessary, which means the original parties would not be prejudiced by any delay.

The only question, then, is whether the motion is timely. Courts consider the following four factors to judge timeliness: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances." *Jeffries v. Swank*, 317 F.R.D. 543, 549 (N.D. Ill. 2016). The determination whether a motion is timely is "committed to the sound discretion of the district judge." *Id.*

Here, the latter three factors militate in favor of permitting Citizens to intervene. As discussed above, Citizens would be severely prejudiced if Plaintiff were to win at trial and simply collect the insurance proceeds. Citizens' cross-claim, moreover, will not complicate or delay the case or impair the original parties' rights. And the "unusual circumstances" of this case play in Citizens' favor, since it seems that Plaintiff is trying to have his cake and eat it too by ignoring his obligations to Citizens while compelling American Insurance to recognize its obligations to him. Given these considerations, the first factor — the time in which Citizens could have intervened — is of little significance to the Court. It should come as no surprise to Plaintiff that Citizens would not sit idly by while its rights are at stake, and the Court will therefore permit Citizens to file its cross-claim against Plaintiff.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion to enforce settlement [36]. Intervenor Gregg Rzepczynski & Associates' motion for attorney fees [50] is denied as moot. Citizens Bank's motion for leave to file cross-claim [57] is granted. A status hearing is set for May 3, 2017 at 9:30 a.m. to set a trial date and resolve any pending issues.


**SO ORDERED.**                                   **ENTERED: APRIL 13, 2017**




**HON. RONALD A. GUZMÁN**
**United States District Judge**